# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Lars St. John,** | ) | **CASE NO. 1:17 CV 1199** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Cuyahoga County,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

*Pro se* Plaintiff Lars St. John filed this action under Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981 against Cuyahoga County. In the Complaint, Plaintiff alleges the Defendant discriminated against him in the hiring process on the basis of his race and gender. He seeks $1,000,000.00 in damages.

Plaintiff filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2) and a Motion to Amend his Complaint (ECF No. 3) to add David Fried, Rebecca Kopcienski, and George Vaughn as Defendants to this action. These Motions are granted.

## BACKGROUND

Plaintiff took the civil service exam for the Cuyahoga County Department of Jobs and Family Services on April 18, 2016. He contends he arrived one minute before the exam started and then had to check in and find his seat. He missed the instructions for the test and no one

repeated them for him. The instructions, however, were printed in the test booklet. Plaintiff alleges Fried was the test proctor. He states Fried walked around the room during the math portion of the test, and stopped in back of him. He contends Fried was standing so close to him that he could feel Fried's genitalia touching his back. Plaintiff contends he asked Fried to move away from him because he was uncomfortably close, but Fried remained behind him for a few more minutes. Plaintiff claims he was so traumatized by the experience, he went to the Human Resources Department to report it.

Plaintiff did not obtain a passing score. He failed the math, spelling and grammar, and keyboarding portions of the test, receiving scores of 3/20, 11/20, and 6/20 respectively on each of these sections. While he obtained scores of 15/20 in situational judgment, and 17/20 in reading comprehension, he could miss no more than 30 points total to receive a minimum overall passing score of 70 out of 100 points. He missed 48 points, and obtained a score of 52 points out of 100. He requested review of his answers and scores and received a letter informing him he did not follow the instructions printed in the test booklet for the math portion of the test for rounding and converting income. Answers that were not in the proper format were marked as incorrect. Plaintiff states he is an African American male. He asserts claims under Title VII and 42 U.S.C. § 1981 for sexual harassment and racial discrimination.

### **STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

As an initial matter, Plaintiff fails to allege sufficient facts to state a claim for relief under Title VII for racial or gender discrimination. The Court is aware that, at this stage, Plaintiff is not required to plead his discrimination claim with heightened specificity. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, Plaintiff must still provide enough factual allegations "to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *New Albany Tractor v. Lousiville*

*Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555.)

Plaintiff's Complaint never rises above the speculative level. The essential elements of a Title VII discrimination failure to hire claim are: (1) that the Plaintiff is a member of a protected class; (2) that he applied for, and did not receive, a job; (3) that he was qualified for the job; and (4) that a similarly situated individual who is not a member of the protected class received the job. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 463 (6th Cir. 2003) (citations omitted). Here, the Court is left to guess whether Plaintiff applied for a job, was qualified for the position for which he applied, and how his race or his gender or both played a role in the Defendant's decision not to hire him. This is not sufficient to cross the threshold of basic pleading requirements in Federal Court. *See* FED. CIV. R. 8 (Complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations."); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Moreover, Plaintiff failed the civil service exam which appears to have been a criteria for employment with the Cuyahoga County Department of Jobs and Family Services. He admits he arrived one minute before the exam was to begin, missed the verbal instructions, did not read or follow the instructions in the exam booklet, and failed the math portion of the test because he did not properly round his answers as instructed and did not make the correct income conversions from weekly and bi-weekly income to monthly income as instructed. Furthermore, Plaintiff's scores in other areas of the test were also deficient. Even if Plaintiff had attained a perfect score on the math portion of the exam, he would only have achieved an overall score of 69. A score of 70 is needed to pass the exam.

Even if Plaintiff had stated a plausible claim under Title VII, he would not be able to

proceed with this claim against Fried, Kopcienski or Vaughn.  An employee or supervisor who does not otherwise meet the statutory definition of "employer" cannot be held individually liable under Title VII.  *Wathen v. General Electric Company*, 115 F.3d 400 (6th Cir. 1997).  There are no facts alleged in the Complaint which reasonably suggest that any of these individuals qualify as an "employer" under the statute.

Plaintiff also fails to state a claim for relief under 42 U.S.C. § 1981.  A municipality may not be held liable for its employees' violation of the rights enumerated in § 1981 under a theory of *respondeat superior*.  *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 738 (1989).  A County may only be held liable for civil rights violations when it is the "execution of the County's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, that inflicts the injury."  *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978).  A municipality can, therefore, be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).   Plaintiff does not allege facts to suggest a County policy or custom caused injury to him.

Finally, Plaintiff fails to state a claim for relief under § 1981 against Fried, Kopcienski, or Vaughn. He alleges Fried stood too close to him during the civil service exam.  He also alleges, without explanation, that Fried tampered with his test scores and Vaughn and Kopcienski "joined forces to cover up" Fried's actions.  (ECF No. 1 at 3).   To establish a claim under § 1981, Plaintiff must allege: (1) he is a member of a racial minority, (2) the Defendants intended to discriminate against him on the basis of his race, and (3) the discrimination

concerned the making or enforcement of contracts. *Johnson v. Harrell*, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). Aside from his conclusory statement that he as was "discriminated against by White employees of Cuyahoga County," Plaintiff does not allege facts to suggest the Defendants' actions were racially motivated.

## **CONCLUSION**

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) and his Motion to Amend his Complaint (ECF No. 3) are granted. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 12/11/17